UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL KASH and PATRICIA KASH,<br><br>Defendants. | Case No. 16-cv-674-JPG-RJD |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion in limine filed by defendants Michael Kash and Patricia Kash (collecively, "the Kashes") (Doc. 38). The Kashes seek to exclude parol evidence to clarify the terms of the insurance policy they purchased from plaintiff American Family Mutual Insurance Company ("American Family"). The Kashes (Doc. 37) and American Family (Doc. 40) have addressed the matter in their respective trial briefs.

This declaratory judgment action arose after Michael Kash was involved in a car accident with an underinsured vehicle in October 2010. Michael was a passenger in a vehicle owned and driven by his father, Bobby Kash, when Blaine Allen Ege, Jr. ran into the vehicle from behind. Ege had only $50,000 of insurance, so Michael made a claim against American Family, his auto insurer, for underinsured motorist (UIM) coverage. The parties disagree about the limits of that coverage: American Family says the limit in the policy held by the Kashes at the time of the accident was $250,000 based on its records; the Kashes say the limit was $1 million based on a February 2016 declarations page furnished by the office of insurance agent Darrel Mays, the agent who sold the Kashes the American Family policy.

The Kashes claim that the two documents create an ambiguity about the UIM policy limits.

They cite the well-worn – and undisputed – proposition that an ambiguity in an insurance policy must be interpreted in favor of the insured. *Valley Forge Ins. Co. v. Swiderski Elecs., Inc.*, 860 N.E.2d 307, 314 (Ill. 2006). They ask the Court to exclude parol evidence to explain "what clearly is an ambiguity" in the applicable policy.

The Court **DENIES** the motion in limine (Doc. 38). This case does not appear to be about interpreting an ambiguous insurance policy but instead about deciding which of two unambiguous written documents reflects the authentic agreement to insure. The dispute is not about the meaning of ambiguous language but about what the language of the policy actually is. Evidence relevant to the circumstances surrounding the creation of those two documents and their relation to the agreement to insure will be admitted absent some other reason to exclude it. Once the Court decides the language of the actual policy, it will construe the language in the Kashes' favor without further regard to parol evidence.

**IT IS SO ORDERED.**
**DATED:  September 1, 2017**

                                         s/ J. Phil Gilbert
                                         **J. PHIL GILBERT**
                                         **DISTRICT JUDGE**